# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | |
| WHITE STAR PETROLEUM HOLDINGS, LLC, | : | Chapter 11 |
| | : | Case No. (19-11179) (BLS) |
| Debtor. | : | |
| In re | : | |
| WHITE STAR PETROLEUM, LLC, | : | Chapter 11 |
| | : | Case No. (19-11182) (BLS) |
| Debtor. | : | |
| In re | : | |
| WHITE STAR PETROLEUM II, LLC, | : | Chapter 11 |
| | : | Case No. (19-11183) (BLS) |
| Debtor. | : | |
| In re | : | |
| WHITE STAR PETROLEUM OPERATING, LLC, | : | Chapter 11 |
| | : | Case No. (19-11180) (BLS) |
| Debtor. | : | |
| In re | : | |
| WSP FINANCE CORPORATION, | : | Chapter 11 |
| | : | Case No. (19-11181) (BLS) |
| Debtor. | : | Docket Ref. No. 4 |

SC1:4946721.2

## ORDER AUTHORIZING JOINT ADMINISTRATION
## OF THE DEBTORS' CHAPTER 11 CASES

Upon the motion (the "Motion")[1] of White Star Petroleum Holdings, LLC and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1, authorizing joint administration of the Debtors' chapter 11 cases for procedural purposes only; this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these chapter 11 cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

---

[1] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

SC1:4946721.2

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1, the above-captioned chapter 11 cases are consolidated for administrative purposes only and shall be jointly administered by this Court as Case No. 19-11179 (BLS).

3. The consolidated caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| WHITE STAR PETROLEUM HOLDINGS, LLC, et al.,[1] | Case No. (19-11179) (BLS) |
| | Jointly Administered |
| Debtors. | |

---

[1] The Debtors in these chapter 11 cases, and the last four digits of their U.S. taxpayer identification numbers are: White Star Petroleum Holdings, LLC (0575) ("WSTR Holdings"), White Star Petroleum, LLC (0977) ("WSTR"), White Star Petroleum II, LLC (4347) ("WSTR II"), White Star Petroleum Operating, LLC (5387) ("WSTR Operating") and WSP Finance Corporation (9152) ("WSP Finance" and together with WSTR Holdings, WSTR, WSTR II and WSTR Operating, the "Debtors"). The Debtors' corporate headquarters is located at 301 N.W. 63rd Street, Suite 600, Oklahoma City, OK 73.

4. The foregoing caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code.

5. The requirement under Bankruptcy Rule 2002(n) that any other names used by the Debtors in the previous eight years be contained in the caption is hereby waived.

6. A docket entry shall be made in each of the Debtors' chapter 11 cases, other than the docket maintained for the chapter 11 case of WSTR Holdings, substantially as follows:

> An Order has been entered in this case under rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of White Star Petroleum Holdings, LLC and its direct subsidiaries. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, the docket of White Star Petroleum Holdings, LLC, Case No. 19-11179 (BLS) and such docket should be consulted for all matters affecting this chapter 11 case.

7. One consolidated docket, one file and one consolidated service list shall be maintained by WSTR Holdings and kept by the clerk of the Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting a substantive consolidation of these chapter 11 cases.

9. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

10. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: May 29, 2019
Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE